IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | *   Criminal Action No. RDB-20-150 |
| ROGER AKEM, | * |
| *Defendant.* | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

This case comes to the Court on Defendant Roger Akem's *pro se* Motion Seeking Adjustment for Zero-Point Offender (ECF No 38) and Motion for Declaratory Judgment and Injunctive Relief (ECF No. 41), wherein Defendant moves to reduce his sentence pursuant to Amendment 821 to the United States Sentencing Guidelines.  Concluding that he is ineligible for a sentence reduction, the Court DENIES the Defendant's *pro se* Motion Seeking Adjustment for Zero-Point Offender (ECF No 38).  Accordingly, his Motion for Declaratory Judgment and Injunctive Relief (ECF No. 41) is MOOT and will be DENIED on that basis.

## BACKGROUND

On June 29, 2021, Akem pled guilty to conspiracy in violation of 18 U.S.C. § 371 (Count I) and a violation of the Arms Export Control Act in violation of 22 U.S.C. § 2778 (Count II).  (ECF No. 12.)  While Judge Blake presided over Defendant's guilty plea, Akem's case was subsequently reassigned to the Undersigned Judge on October 14, 2022, who presided over Defendant's sentencing.

Akem's Sentencing Guideline range was 46 months to 57 months of imprisonment, based on an offense level of 23 and a criminal history category of I.  (ECF No. 36.)  Akem

sought a sentence of probation, (ECF No. 25), and the Government requested 30 months of imprisonment. (ECF No. 29.) On May 22, 2023, this Court sentenced Akem to 24 months' imprisonment as to Count I, and 24 months' as to Count II, to run concurrently, for a total term of 24 months. (ECF No. 34.)

Akem is now 54 years old and is presently incarcerated at Duluth FPC in Duluth, Minnesota, with a projected release date of November 20, 2024.[1] On November 30, 2023, Akem filed a *pro se* Motion Seeking Adjustment for Zero-Point Offender (ECF No 38). On June 6, 2024, the Office of the Federal Public Defender advised that it had reviewed Akem's filing and would not be filing a supplement. (ECF No. 40). On June 7, 2024, Akem filed the *pro se* Motion for Declaratory Judgment and Injunctive Relief (ECF No. 41).

## ANALYSIS

Through his *pro se* filings,[2] Defendant Roger Akem moves for a reduction of his sentence. (ECF Nos. 38, 41.) Ordinarily, a federal court may not "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). This "rule of finality," however, is subject to a few narrow exceptions," *Freeman v. United States*, 564 U.S. 522, 526 (2011), such as 18 U.S.C. § 3582(c)(2), which permits a court to lower the sentence of a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if a reduction is consistent with the sentencing factors in 18 U.S.C. § 3553(a) and the Sentencing Guidelines.

---

[1] *See Find an Inmate*, FEDERAL BUREAU OF PRISONS, available at https://www.bop.gov/inmateloc/ (search by register number: 60263-510).
[2] Defendant has filed his submissions *pro se*. Such filings will be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

Under § 3582(c)(2), a defendant may be eligible for relief if an amendment to the Sentencing Guidelines has been made retroactively applicable. *Dillon v. United States*, 560 U.S. 817, 826 (2010). One such retroactive amendment is Amendment 821 to the Sentencing Guidelines. Amendment 821 is a multi-part amendment. As relevant here, Part B to Amendment 821 provides a mechanism for certain zero-point offenders—i.e., criminal defendants with no criminal history points—to obtain a two-level reduction of their offense level. U.S.S.G. § 4C1.1. However, to be eligible for this reduction, zero-point offenders must meet each of the criteria enumerated in the amendment, *id.* § 4C1.1(a)(1)–(a)(10), including "the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense. *Id.* § 4C1.1(a)(7). Here, while Akem was a "zero-point offender," (ECF No. 36), the criteria set forth in U.S.S.G. § 4C1.1(a)(7) expressly precludes Akem from receiving a sentence reduction, as he pled guilty to an extensive international arms smuggling operation that lasted for a period of more than one and a half years.[3] As such, his *pro se* Motion Seeking Adjustment for Zero-Point Offender (ECF No 38) is DENIED; and his Motion for Declaratory Judgment and Injunctive Relief (ECF No. 41) is DENIED AS MOOT.

---

[3] Even if Akem was eligible for the two-level reduction, which would bring his offense level to a 21, with his criminal history category remaining at I, his Sentencing Guideline range would be 37 months to 46 months imprisonment. In other words, Akem received a sentence—30 months' imprisonment—that was well below the range prescribed by the Sentencing Guidelines.

3

## CONCLUSION

For the reasons stated above, it is this 31st day of July, 2024, hereby ORDERED that Defendant's *pro se* Motion Seeking Adjustment for Zero-Point Offender (ECF No 38) is DENIED; and his Motion for Declaratory Judgment and Injunctive Relief (ECF No. 41) is DENIED AS MOOT.

    /s/
Richard D. Bennett
United States Senior District Judge